# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| JUDY PALMIERI, | ) | Case No.: 2:10-cv-00729-RLH-PAL |
| | ) | |
| Plaintiff, | ) | **O R D E R** |
| | ) | |
| vs. | ) | (Motion to Dismiss–#11; Motion to |
| | ) | Amend/Correct Complaint–#17) |
| CLARK COUNTY, a political subdivision of | ) | |
| the STATE OF NEVADA; DANIELLE | ) | |
| HARNEY, individually and in her capacity as | ) | |
| an officer employed by Clark County; Doe | ) | |
| Officers IV through X, inclusive and JOHN | ) | |
| DOES I through X, inclusive. | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendants Clark County and Danielle Harney's **Motion to Dismiss** (#11), filed October 6, 2010.  The Court has also considered Plaintiff Judy Palmieri's Opposition (#16), filed November 12, 2010, and Defendants' Reply (#18), filed November 23, 2010.

Also before the Court is Palmieri's **Motion to Amend/Correct Complaint**, (#17), filed November 12, 2010.  The Court has also considered Defendants' Opposition (#19), filed November 30, 2010, and Palmieri's Reply (#20), filed December 10, 2010.

/

AO 72
(Rev. 8/82)

**DISCUSSION**

**I.     Motion to Dismiss**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

The Amended Complaint (#9) is so confusing and poorly drafted that it leaves the Court with little to no understanding of what Plaintiff alleges. Although the Amended Complaint

AO 72
(Rev. 8/82)

1  does contain sufficient legal conclusions to make the Court aware of the general legal theories

2  Plaintiff asserts, the factual statement upon which Plaintiff relies for those conclusions are not

3  remotely sufficient.  This is the type of complaint—one containing merely labels and

4  conclusions—which the Supreme Court sought to address in *Twombly* and *Iqbal*.  Further, entire

5  paragraphs are incomprehensible leaving the Court flummoxed as to what Plaintiff intended to say.

6  Accordingly, Plaintiff's complaint has not managed to cross the line from conceivable to plausible.

7  Therefore, the Court grants Defendants' motion to dismiss.

8  **II.    Motion to Amend**

9          A party may amend a pleading once "as a matter of course" within the time

10  constraints set forth in Rule 15(a)(1) of the Federal Rules of Civil Procedure.  After the time for

11  amendment as a matter of course has expired, a party may amend its complaint only by leave of

12  the court or by the adverse party's written consent.  *Fed. R. Civ. P. Rule 15(a)(2)*.  The court

13  should grant leave "when justice so requires."  *Id.* The court has discretion to grant leave and

14  should freely do so "when justice so requires."  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373

15  (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)).  When seeking leave to amend a pleading, Rule 15-

16  1 of the Local Rules of Practice requires the moving party to "attach the proposed amended

17  pleading to any motion to amend so that it will be complete in itself without reference to the

18  superseding pleading."

19          Here, Plaintiff failed to abide LR 15-1's mandate and therefore the Court denies the

20  motion.  Plaintiff did not attach a proposed amended complaint to her motion, but claimed that she

21  would file one as an errata.  However, Plaintiff failed to even do this.  Plaintiff did not submit a

22  proposed amended complaint until attaching one to her reply, eliminating Defendants' opportunity

23  to challenge it in their opposition.  Further, the proposed amended complaint contains numerous

24  citation, gender reference (men referred to as she), and grammatical errors making the proposed

25  amended complaint difficult to understand.  Also, many paragraphs remain nearly as

26  incomprehensible as in the current Amended Complaint.

The Court also pleads with Plaintiff's counsel to accurately determine the spelling of Plaintiff's name and to spell her name correctly in all future pleadings. To illustrate the problem, the Court quotes from Plaintiffs Motion to Amend (#17): "The Plaintiff, JUDY PALMEIRI, (hereinafter "Ms. Palmieri" and/or "Plaintiff") . . . ." This is not the only instance of Plaintiff's counsel interchanging the "ie" and "ei" spelling of Plaintiff's name in the pleadings.

Finally, the Court wishes to address one last matter. Doe pleading is improper in federal court as the Federal Rules of Civil Procedure do not provide for it. *Graziose v. Am. Home Prod. Corp.*, 202 F.R.D. 638, 643 (D. Nev. 2001). Therefore, the Court directs Plaintiff not to include any Doe defendants in any further amended complaint. If Plaintiff later discovers other parties whom she wishes to join, she may seek leave to amend to include them at that time.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#11) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend (#17) is DENIED. The Clerk of the Court is directed to close this case.

Dated: March 18, 2011.

ROGER L. HUNT
Chief United States District Judge

AO 72
(Rev. 8/82)

4